Case 4:17-cv-03566   Document 16   Filed on 06/28/18 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
June 28, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XIE LAW OFFICES, LLC, and § <br> GEORGIA REGIONAL CENTER, LLC, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> NGUYEN & CHEN, L.L.P., and § <br> FAN CHEN, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-17-3566 |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants' Motion for Partial Dismissal (Doc. 8). The court has considered the motion, the response, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED IN PART AND DENIED IN PART**.

### **I. Case Background**

Plaintiffs filed this diversity action on November 20, 2017, alleging that Defendants engaged in a civil conspiracy "to steal Plaintiffs' employees, clients, and business associates."[2] The court ordered Plaintiffs to amend their complaint in order to clarify their assertion of subject matter jurisdiction.[3]

On December 14, 2017, Plaintiffs filed an amended complaint

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 14, Ord. Dated Mar. 14, 2018.

[2] Doc. 1, Pls.' Orig. Compl. p. 1.

[3] See Doc. 3, Ord. Dated Nov. 27, 2017.

that complied with the court order.[4] Therein, Plaintiffs sued Hou Min Luo ("Luo"), former employee of Xie Law Offices, LLC, ("Plaintiff Xie"); the law firm Nguyen & Chen, L.L.P., ("Defendant N&C"); and the principal partner of Defendant N&C, Fan Chen ("Defendant Chen").[5] Plaintiffs alleged that Defendant Chen, on behalf of Defendant N&C, recruited Luo from his position as chief representative of Georgia Regional Center, LLC, ("Plaintiff Georgia Regional"), a regional center for processing EB-5 visas[6] for Chinese nationals who wanted to invest in the United States.[7]

Plaintiffs claimed that Luo began working for Defendant N&C while still on Plaintiff Xie's payroll.[8] Before leaving Plaintiff Xie's employment, Luo converted $45,000 in attorney's fees that were payable to Plaintiff Xie.[9] During this time, Luo, Defendant N&C, and/or Defendant Chen enticed eight other of Plaintiffs' employees who worked in the Shanghai and Beijing offices to leave

---

[4] See Doc. 4, Pls.' 1st Am. Compl.

[5] See id.

[6] The EB-5 Immigrant Investor Program allows eligible entrepreneurs and their spouses and unmarried children to apply for permanent residence based upon making "the necessary investment in a commercial enterprise in the United States" and planning "to create or preserve 10 permanent full-time jobs for qualified U.S. workers." EB-5 Immigrant Investor Program, Official Website of the Department of Homeland Security (undated), www.uscis.gov/eb-5; see also Doc. 4, Pls.' 1st Am. Compl. p. 5 n.1 (quoting without attribution information on the Official Website of the Department of Homeland Security).

[7] See Doc. 4, Pls.' 1st Am. Compl. pp. 4-5.

[8] See id. p. 6.

[9] See id.

their jobs to work for Defendant N&C.[10] Additionally,

> most of the Emigration Agencies and Companies and individual investors with whom [Plaintiffs] had built professional relationships ceased doing business with [Plaintiffs] because Luo told them that the entirety of Plaintiffs' EB-5 team went with him to his new employment with [Defendant] N&C, that [Plaintiffs] no longer had the manpower to service their needs, and that they should transfer their cases, and the corresponding legal fees due [Plaintiffs] to him and [Defendant] N&C.[11]

Luo, Defendant N&C, and/or Defendant Chen instructed Plaintiff Xie's departing employees to transfer fees in an amount exceeding $42,000 due to Plaintiffs to Defendant N&C's account.[12]

Luo directed the "poached" clients and companies to execute template letters discharging Plaintiffs and to execute new contracts with Defendant N&C.[13] As a result, the China operations of Plaintiffs' EB-5 team was "effectively disabled" and was accompanied by a revenue decrease of "as much as 90 percent."[14]

Plaintiffs raised the following causes of action: (1) breach of contract by Luo; (2) common-law fraud by Luo; (3) tortious interference with contract by Luo and Defendants N&C and Chen; (4) common-law misappropriation by Luo and Defendants N&C and Chen; (5) conspiracy by Luo and Defendants N&C and Chen; (6) conversion by

---

[10] See id.

[11] Id.

[12] See id. pp. 6-7.

[13] Id. p. 7.

[14] Id.

Luo and Defendants N&C and Chen; and (7) unjust enrichment of Luo and Defendants N&C and Chen.[15]  Plaintiffs also asserted liability based on the doctrines of agency and respondeat superior.[16]

On February 7, 2018, Plaintiffs voluntarily dismissed Luo without prejudice in favor of contractually mandated arbitration in the State of Georgia.[17]  On February 12, 2018, Defendants N&C and Chen filed the pending motion for partial dismissal.[18]  Plaintiffs responded on February 24, 2018.[19]

## II.  Dismissal Standards

Defendants challenge Plaintiffs' conversion claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Plaintiffs' conspiracy claim pursuant to Rule 12(b)(7).

### A.  Rule 12(b)(6)

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634

---

[15]   See id. pp. 8-13.

[16]   See id. pp. 13-14.

[17]   See Doc. 6, Not. of Voluntary Dismissal; Doc. 13, Jt. Disc./Case Mgmt Plan p. 2; Doc. 11, Ord. Dated Mar. 2, 2018.  In their response, Plaintiffs explain that the employment contract "contained an arbitration provision in the event of a dispute thereunder."  Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal p. 2.

[18]   See Doc. 8, Defs.' Mot. for Partial Dismissal.

[19]   See Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal.

4

F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

**B.  Rule 12(b)(7)**

Rule 12(b)(7) allows dismissal of a claim for failure to join a person who is required to be joined pursuant to Rule 19. A required party is a person "subject to service of process . . . whose joinder will not deprive the court of subject matter jurisdiction" if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the

5

> person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) identifies four nonexclusive factors to consider in making that determination:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>
>> **(A)** protective provisions in the judgment;
>>
>> **(B)** shaping the relief; or
>>
>> **(C)** other measures;
>
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
>
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

"Determining whether an entity is an indispensable party is a highly[ ]practical, fact-based endeavor." Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009); see also Fed. R. Civ. P. 19, advisory committee's note, 1966 Amends. ("[T]he case should be examined pragmatically."). The party in favor of joinder bears the initial burden of demonstrating that the person

6

is necessary, after which the burden of disputing an initial appraisal "that a possibly necessary party is absent" falls on the party opposing joinder. Id. (quoting Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986)).

### III. Analysis

Defendants challenge only two of the claims asserted by Plaintiffs: conversion and conspiracy. Although neither party discusses what state's law applies to the conversion and conspiracy claims, Defendants cite Texas law.[20] In their response, Plaintiffs cite no substantive law on conversion and cite a North Carolina state-court case discussing whether a civil conspiracy claim should be dismissed under North Carolina procedural and substantive law.[21] Plaintiffs do not object to Defendants' reliance on Texas law.[22]

**A.  Conversion**

Under Texas law, conversion is defined as "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with [its] rights." Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 210 n.44 (Tex. 2002). "An action for conversion of money will only lie where the money is (1)

---

[20]  See, e.g., Doc. 8, Defs.' Mot. for Partial Dismissal pp. 4-5, 6-7.

[21]  See Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal p. 4. Plaintiffs' amended complaint contains a discussion about choice of law as it relates to Luo's employment agreement. See Doc. 4, Pls.' 1st Am. Compl. pp. 7-8. In their pleading, Plaintiffs did not address choice of law for the state-law claims against Defendants N&C and Chen. See id. pp. 10-14.

[22]  See Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal.

7

delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper." Paschal v. Great W. Drilling, Ltd., 215 S.W.3d 437, 456 (Tex. App.—Eastland 2006, pet. denied).

Plaintiffs pled that:

> [a]s a result of Defendants diverting legal fees due Plaintiffs to their own bank accounts, Defendants deprived Plaintiffs of the use and possession of monies rightfully due Plaintiffs in a manner which so seriously interfered with Plaintiffs' right of control that Defendants may justly be required to pay Plaintiffs the full value of such funds.[23]

Defendants argue that conversion claims apply to money under very limited circumstances that do not exist under the facts of this case. In response, Plaintiffs fail to address this argument, relying solely on a plea to the court that the conversion claim be allowed survive at this stage because it is plausible on its face.

In actuality, Plaintiffs' conversion claim is not plausible on its face. The only property allegedly converted is money, and the law disallows a conversion claim for money unless the above four elements are met. The only element arguably met by the facts alleged is the fourth, that Defendants did not have a claim to the money. Plaintiffs did not allege that the money was delivered to Defendants for safekeeping, that it was intended to be kept segregated, or that it remained in the same form or an intact fund.

---

[23] Doc. 4, Pls.' 1st Am. Compl. pp. 12-13.

As Plaintiffs failed to plead facts in support of all of the elements of a claim for conversion of money, the claim should be dismissed.

**B.** **Conspiracy**

The elements of a conspiracy claim are: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result." Tri v. J.T.T., 162 S.W.3d 552, 556 (Tex. 2005). Upon proof of a conspiracy, "each co-conspirator is responsible for the action of any of the co-conspirators which is in furtherance of the unlawful combination." Pike v. Tex. EMC Mgmt., LLC, No. 10-14-00274-CV, 2017 WL 2507783, at *5 (Tex. App.—Waco June 7, 2017, pet. filed)(unpublished) (quoting Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983)). All co-conspirators are jointly and severally liable "for actual damages resulting from acts in furtherance of the conspiracy." Id. (quoting Energy Maint. Servs. Grp. I, LLC v. Sandt, 401 S.W.3d 204, 220 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)).

Plaintiffs pled that, while employed by Plaintiffs:

> Luo . . . conspired or acted under the request or enticement of [Defendants] Chen and N&C to unfairly compete with Plaintiffs as follows:
> a. By encouraging, inducing and enticing all of Plaintiffs' employees working at its Shanghai and Beijing Offices to leave their employment and join Luo and [Defendant] N&C.
> b. By instructing Plaintiffs' employees to secure and organize Defendants' new offices in Shanghai and in Beijing while still employed by Plaintiffs.

    c.    By misleading Plaintiffs' business and investor contacts into thinking Plaintiffs' phone lines had been disconnected and routing such calls to Defendants' new phone numbers once Luo was in the employ of [Defendant] N&C.
    d.    By soliciting business on behalf of [Defendant] N&C while still in Plaintiffs' employ.
    e.    By setting up secret e-mail accounts to circumvent communication with Plaintiffs' offices with the intent to divert Plaintiffs' clients to [Defendant] N&C.[24]

Defendants argue that, without Luo, Plaintiffs cannot meet any of the elements of a conspiracy claim because all of the actions on which Plaintiffs base their conspiracy claim were taken by Luo. Plaintiffs contend that Luo is not required to be joined but, should the court disagree, that Luo is not feasible to join. Even so, Plaintiffs contend that the Rule 19(b) factors favor proceeding among the existing parties in Luo's absence.

Although not framed this way, Defendants' argument suggests that a civil conspiracy claim can proceed only when all of the members of the conspiracy are parties to the lawsuit. Defendants cite no legal authority supporting that expansive proposition, and the court has found no binding or persuasive authority on point. Absent a legal shortcut, the court must engage in a Rule 19 analysis.

The court first notes that Rule 19 addresses joinder of a party with interests "relating to the subject of the action," not joinder as a defendant to a particular claim. Fed. R. Civ. P.

---

[24] Doc. 4, Pls.' 1st Am. Compl. pp. 11-12.

19(a)(1)(B). Neither party acknowledges this distinction, focusing instead only on the conspiracy claim. So limiting the scope of Rule 19 consideration renders the analysis awkward at best. Therefore, in its discussion, the court touches on both the lawsuit generally and the conspiracy claim specifically.

The initial consideration is whether Luo is a required party. Neither party addresses whether Luo is subject to service of process, and nothing in the docket activity informs the court one way or the other. However, it is clear that Luo's presence in the lawsuit would not destroy subject matter jurisdiction.

Regarding the court's ability to accord complete relief in his absence, Defendants contend that complete relief could not be achieved without Luo because Defendants and Luo would be held jointly and severally liable if Plaintiffs succeeded on their conspiracy claim. This concern is a nonissue because joinder of joint tortfeasors is regulated by Rule 20, not Rule 19. See Fed. R. Civ. P. 19, advisory committee's note, 1966 Amends. ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."). Absent Luo, the court will be able to provide complete relief to Plaintiffs. Additionally, it matters not that Luo is alleged to have committed all of the illegal actions underlying the conspiracy claim. A claim of civil conspiracy is intended to extend tort liability "beyond the active wrongdoer to

those who have merely planned, assisted, or encouraged his acts." Helping Hands Home Care, Inc. v. Home Health of Tarrant Cty., Inc., 393 S.W.3d 492, 506 (Tex. App.—Dallas 2013, pet. denied)(quoting Carroll v. Timmers Chevrolet, Inc., 592 S.W.2d 922, 925 (Tex. 1979)).

Luo will be able to defend his interests in the arbitration proceedings.[25] Moreover, Defendants' interests with regard to the conspiracy claim are perfectly aligned with Luo's interests in that Defendants surely will advocate against findings that they and Luo reached a meeting of the minds regarding an object to be accomplished, that Luo committed any of the alleged unlawful, overt acts, and that damages were a proximate result. Therefore, Luo's interests will be protected adequately by Defendants. Defendants will not be subject to a substantial risk of incurring double or inconsistent obligations because only this court has jurisdiction over them and could award damages against them. As they will not be parties to the arbitration, that forum will not be able to issue judgment against them. Thus, the court finds that Luo is not a required party.

Although that determination ends the necessary inquiry, the court examines whether the action should proceed among the existing

---

[25] Although Plaintiffs never specifically affirm that they are pursuing all of the claims in this action, including conspiracy, in the arbitration proceeding against Luo, they do aver that "their claims against him are required to be arbitrated in Georgia." Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal p. 5.

parties in light of the parties' agreement that joinder of Luo is not feasible.  The pragmatic approach is to recognize that Luo cannot be a party here and Defendants cannot be a party to the arbitration.  No forum would allow the claims against all three persons with interest in the subject matter of this action generally and in the conspiracy claim specifically.  To dismiss the conspiracy claim would deprive Plaintiffs of the opportunity to have their day in court against Defendants and would deny Plaintiffs an adequate remedy.  To proceed in this forum against Defendants will not prejudice either Luo or Defendants for the same reasons discussed above with regard to complete relief and the protection of their respective interests.  Finally, any judgment on conspiracy rendered in this action against Defendants would adequately remedy Plaintiffs.

Therefore, the court further determines that the action, including the conspiracy claim, should proceed among the existing parties in equity and good conscience.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Partial Dismissal be **GRANTED IN PART AND DENIED IN PART.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order

2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of June, 2018.

_____
U.S. MAGISTRATE JUDGE