United States District Court
Southern District of Texas

**ENTERED**

April 05, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

XIE LAW OFFICES, LLC, and           §
GEORGIA REGIONAL CENTER, LLC,       §
                                    §
        Plaintiffs,                 §
                                    §
v.                                  §    CIVIL ACTION NO. H-17-3566
                                    §
NGUYEN & CHEN, L.L.P., and          §
FAN CHEN,                           §
                                    §
        Defendants.                 §

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants' Motion to Compel Arbitration and Plea in Abatement (Doc. 20). The court has considered the motion, the response, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **DENIED**.

### I.  Case Background

Plaintiffs filed this diversity action on November 20, 2017, alleging that Defendants engaged in a civil conspiracy "to steal Plaintiffs' employees, clients, and business associates and the corresponding legal fees due Plaintiffs therefrom."[2] On December 14, 2017, Plaintiffs filed an amended complaint.[3] Therein, Plaintiffs sued Hou Min Luo ("Luo"), former employee of Xie Law

---

[1]   This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 14, Ord. Dated Mar. 14, 2018.

[2]   Doc. 1, Pls.' Orig. Compl. p. 1.

[3]   See Doc. 4, Pls.' 1st Am. Compl.

Offices, LLC, ("Plaintiff Xie"); the law firm Nguyen & Chen, L.L.P., ("Defendant N&C"); and the principal partner of Defendant N&C, Fan Chen ("Defendant Chen").[4]

Plaintiff Xie and Luo entered an employment agreement in October 2011.[5]  Among the terms of the agreement were non-disclosure, non-competition, and non-solicitation provisions.[6]  The agreement also contained an arbitration provision that stated: "All disputes, differences and controversies arising out of, under, or in connection with this Agreement shall be settled and finally determined by Arbitration in Georgia under the then existing Rules of the American Arbitration Association."[7]  The agreement did not include a choice of law provision.[8]

Plaintiffs alleged that Defendant Chen, on behalf of Defendant N&C, recruited Luo while he was still in Plaintiff Xie's employment.[9]  Plaintiffs also alleged that Luo began working for Defendant N&C while still on Plaintiff Xie's payroll, during which time he diverted fees due to Plaintiffs, enticed eight other of Plaintiffs' employees to leave their jobs to work for Defendant

---

[4]     See id.

[5]     See id. p. 3.

[6]     See id. p. 4.

[7]     Doc. 20, Defs.' Mot. to Compel Arbitration & Plea in Abatement, Ex. A, Emp't Agreement p. 6.

[8]     See id. pp. 5-6.

[9]     See Doc. 4, Pls.' 1st Am. Compl. pp. 4-5.

2

N&C, and poached Plaintiffs' clients.[10]

Plaintiffs raised the following causes of action: (1) breach of contract against Luo, alleging breaches of the non-disclosure, non-compete, and non-solicitation provisions of his employment agreement; (2) common-law fraud against Luo for concealing information about Defendants N&C and Chen's offer and about Luo's efforts to poach clients and divert funds; (3) tortious interference with contract against Luo and Defendants N&C and Chen for inducing clients to transfer cases to Defendant N&C; (4) common-law misappropriation against Luo and Defendants N&C and Chen for using Plaintiffs' work product, commercial contacts, and confidential information in poaching clients; (5) conspiracy against Luo and Defendants N&C and Chen for working together to engage in unfair competition; (6) conversion against Luo and Defendants N&C and Chen for diverting legal fees; and (7) unjust enrichment against Luo and Defendants N&C and Chen for diverting legal fees.[11]   Plaintiffs also asserted liability based on the doctrines of agency and respondeat superior.[12]

On February 7, 2018, Plaintiffs voluntarily dismissed Luo based on a provision in his employment agreement mandating

---

[10]     See id. pp. 6-7.

[11]     See id. pp. 8-13.

[12]     See id. pp. 13-14.

arbitration in the State of Georgia.[13]  Plaintiffs explained that the employment agreement "contained an arbitration provision in the event of a dispute thereunder."[14]

On February 12, 2018, Defendants N&C and Chen filed a motion for partial dismissal, targeting only the conversion and conspiracy claims.[15]  Defendants sought dismissal of the conversion claim for failure to state a claim and dismissal of the conspiracy claim for failure to join a required party.[16]  Concerning the conspiracy claim, "Defendants argue[d] that, without Luo, Plaintiffs [could not] meet any of the elements of a conspiracy claim because all of the actions on which Plaintiffs based their conspiracy claim were taken by Luo."[17]  Plaintiffs responded that Luo was not a required party, as Defendants argued, or, if the court found him to be a required party, it was not feasible to join him.[18]

On June 28, 2018, the court issued a Memorandum and Recommendation ("M&R") recommending dismissal of the conversion claim but not the conspiracy claim.[19]  With regard to the conspiracy

---

[13]     See Doc. 6, Not. of Voluntary Dismissal; Doc. 11, Ord. Dated Mar. 2, 2018; Doc. 13, Jt. Disc./Case Mgmt. Plan p. 2.

[14]     Doc. 9, Pls.' Resp. to Defs.' Mot. for Partial Dismissal p. 2.

[15]     See Doc. 8, Defs.' Mot. for Partial Dismissal.

[16]     See id.

[17]     Doc. 16, Mem. & Recom. ("M&R") Dated June 28, 2018 p. 10.

[18]     Id.

[19]     See id. pp. 7-13.

4

claim, the court found that Luo was not a required party and that the action should proceed among the existing parties.[20]   In its discussion, the court stated, "The pragmatic approach is to recognize that Luo cannot be a party here and Defendants cannot be [parties] to the arbitration.   No forum would allow the claims against all three persons with interest in the subject matter of this action generally and in the conspiracy claim specifically."[21] The court further "determine[d] that the action . . . should proceed among the existing parties in equity and good conscience."[22] The M&R cautioned the parties, "Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal."[23]

No party filed objections to the M&R, and the district court adopted the M&R in full.[24]   On August 16, 2018, Defendants filed an answer to the amended complaint.[25]   Five months after the court issued the M&R, Defendants filed the pending motion to compel arbitration.[26]

---

[20]     See id. pp. 11-13.

[21]     Id. p. 13.

[22]     Id.

[23]     Id. p. 14.

[24]     See Doc. 17, Ord. Adopting Magistrate Judge's M&R Dated July 18, 2018.

[25]     See Doc. 18, Defs.' Ans.

[26]     See Doc. 20, Defs.' Mot. to Compel Arbitration & Plea in Abatement.

## II.  Arbitration Standards

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA allows a party that has entered an arbitration agreement to request an order compelling the parties to proceed with arbitration. 9 U.S.C. § 4.

For non-signatories, the right to compel parties to arbitration is more complicated. Cf. Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630-31 (2009). A non-signatory may enforce an arbitration clause against a signatory pursuant to the FAA if the state law that applies to the contract formation allows it to do so. See id. at 631. The decision whether a non-signatory can compel arbitration under an arbitration provision belongs to the court. See Qpro Inc. v. RTD Quality Servs. USA, Inc., 761 F. Supp.2d 492, 497 (S.D. Tex. 2011)(citing Carlisle, 556 U.S. at 631).

Arbitration, like all contract rights, may be waived. Nicholas v. KBR, Inc., 565 F.3d 904, 907 (5th Cir. 2009). "Although waiver of arbitration is a disfavored finding, waiver will be found when the party seeking arbitration substantially invokes the

judicial process to the detriment or prejudice of the other party."
Id. (quoting Miller Brewing Co. v. Fort Worth Distrib. Co., 781
F.2d 494, 497 (5th Cir. 1986))(internal quotation and alteration
marks omitted).  In Nicholas, the Fifth Circuit explained that "[a]
party generally invokes the judicial process by initially pursuing
litigation of claims then reversing course and attempting to
arbitrate those claims" but that "waiver can also result from some
overt act in [c]ourt that evinces a desire to resolve the
arbitrable dispute through litigation rather than arbitration."
Id. (quoting Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.,
304 F.3d 476, 484 (5th Cir. 2002)).  The Fifth Circuit has cautioned
that "[o]ne of the primary goals of arbitration is to avoid the
expense of litigation."  Id.

### III. Analysis

Defendants filed this motion to compel arbitration, arguing
that they, as non-signatories to Luo's employment agreement, should
be allowed pursuant to Texas law to compel arbitration as to
Plaintiffs' claims against them under the doctrine of equitable
estoppel.  Defendants point out that Plaintiffs do not distinguish
between claims brought by Plaintiff Xie, a signatory to the
employment agreement, and Plaintiff Georgia Regional, a non-
signatory, and conclude, "Thus, by suing Defendants on the
Employment Agreement, Plaintiffs subjected themselves to the

Employment Agreement's terms."[27]   Plaintiffs' brief in response argues that the court already determined that Defendants' claims are not subject to arbitration, and, therefore, the court should deny Defendants' motion as moot.[28]   In reply, Defendants do not dispute that the M&R included a finding that they were not entitled to participate in the arbitration, but argue that the arbitration issue was never properly presented to the court until they filed the pending motion to compel.[29]

The M&R did in fact make a ruling that Defendants' claims were not subject to arbitration.   The failure to object timely to a magistrate judge's M&R "bars a party, except on grounds of plain error . . ., from attacking on appeal not only the proposed factual findings . . . but also the proposed legal conclusions[] accepted . . . by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1)(increasing time for filing objections from ten to fourteen days)(emphasis omitted).   In the M&R, the court cautioned the parties of these consequences.   After the adoption of

---

[27]    Doc. 20, Defs.' Mot. to Compel Arbitration & Plea in Abatement p. 8.

[28]    See Doc. 21, Pls.' Resp. to Defs.' Mot. to Compel Arbitration & Plea in Abatement pp. 2-3.

[29]    See Doc. 22, Defs.' Reply to Pls.' Resp. to Mot. to Compel Arbitration & Plea in Abatement p. 1.

8

the M&R by the district court, the undersigned's finding on arbitration is unappealable law of the case.  Defendants provide no argument to persuade the court to reconsider the ruling.

Moreover, Defendants filed this motion one year after the filing of this case, nine months after Plaintiffs voluntarily dismissed Luo in favor of arbitration, nine months after Defendants filed their motion for partial dismissal, and five months after they failed to object to the court's finding that the claims against them were not subject to arbitration.  Defendants participated in this lawsuit for many months, meeting with Plaintiffs for the joint discovery/case management plan and answering the complaint.

Nothing evinces a desire to resolve the case through litigation like the filing of a motion to dismiss.  Defendants substantially invoked the judicial process by filing that motion, which operated to Plaintiffs' detriment in that it cost Plaintiffs expense, time, and effort to respond and resulted in the dismissal of one of their causes of action.  That motion, as well as Defendants' failure to object to the court's finding that their claims belonged in this court and their unexplained, lengthy delay in filing their motion to compel arbitration, misrepresented Defendants' position on arbitration.  The proliferation of litigation goes directly against one of the primary goals of arbitration.  Therefore, to the extent that Defendants had any

right to arbitration, which the court has held they did not, they waived that right through their embrace of the litigation process for approximately a year.

Additionally, at least two other obstacles stand in the way of the court granting Defendants' motion to compel. First, Plaintiffs did not sue Defendants on Luo's employment agreement. Plaintiffs initially sued Luo for breach of the employment agreement but not Defendants. In Plaintiffs' allegations of tortious interference with a contract and misappropriation, Plaintiffs named Luo and Defendants and referred to breaches of the employment agreement and the representation agreements with Plaintiffs' clients. But an allegation that Defendants interfered with Plaintiff Xie's agreement with Luo is a far cry from suing on the employment agreement itself or relying on the terms of the employment agreement. The court finds nothing in Plaintiffs' amended complaint that indicates that their claims are based on the rights and obligations in Luo's employment agreement.

Second, Defendants skip the conflicts step of the analysis. The employment agreement did not contain a choice-of-law provision, but, as Plaintiffs note in their amended complaint, Georgia law rather than Texas law may apply to its interpretation. If so, Georgia law controls whether a non-signatory can compel arbitration under the employment agreement. Defendants do not make the argument that Georgia law recognizes equitable estoppel as a route

10

for a non-signatory to compel arbitration.

### IV.   Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion to Compel Arbitration and Plea in Abatement be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.   Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 5ᵗʰ day of April, 2019.

Nancy K. Johnson
United States Magistrate Judge

11